# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ARLENE A. JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-cv-7442 |
| | ) |
| MUSIC INSTITUTE OF CHICAGO, | ) Honorable Judge Charles R. Norgle |
| | ) |
| Defendant. | ) Magistrate Judge Gabriel A. Fuentes |

## MOTION TO DISMISS PURSUANT TO FEDERAL RULE 12(b)(6)

Defendant Music Institute of Chicago ("Defendant"), through its attorneys of record, for its motion to dismiss Plaintiff Arlene A. Jackson's ("Plaintiff") complaint (the "Complaint" or "Compl.") pursuant to Federal Rule 12(b)(6) (the "Motion"), states as follows:

## INTRODUCTION

Defendant is a not-for-profit, community music school dedicated to transforming lives of children and students through music education in the Chicagoland area. Through its partnership with Chicago Public Schools, Defendant annually teaches 3,000-6,500 students about music for free. Approximately 80% of the students are African-American. Despite Defendant's benevolent work, Plaintiff claims that Defendant has somehow engaged in race discrimination against her during her employment with Defendant. The court should dismiss Plaintiff's scattershot Complaint because Plaintiff has not pled plausible claims for: (1) race discrimination under Title VII or the Illinois Human Rights Act (IHRA) related to her hiring pay; (2) breach of contract for Defendant allegedly violating a non-discrimination policy on its website; or (3) a violation of the Affordable Care Act (ACA). As a result, the court should dismiss the Complaint pursuant to Federal Rule 12(b)(6).

## FACTS ALLEGED IN THE COMPLAINT

On January 26, 2016, Defendant hired Plaintiff (African-American) as a part-time Human Resources Administrator at the rate of $25/hour. (Compl., ¶¶ 17-18). Plaintiff's predecessors for the part-time HR position were two Caucasian women and a bi-racial woman who was Caucasian and African-American. (Id., ¶ 20). As a part-time employee, Plaintiff did not receive health care, sick leave, vacation time, or other benefits that full-time employees received. (Id., ¶ 21).

After Plaintiff was hired for her part-time role, Defendant indicated that Plaintiff could "work extra hours if [she] wanted to" beyond her allotted 24 hours per week in order to "get caught up." (Id., ¶ 22). At this point, Plaintiff began working approximately 40 hours per week for Defendant. (Id., ¶ 23). Plaintiff also complained to Defendant about the pay disparity between Plaintiff and her predecessors who made $33 and $36 per hour in the part-time HR position. (Id., ¶ 24).

In June 2016, Defendant indicated to Plaintiff that it was willing to increase her pay to $30/hour and convert her to a full-time employee with benefits. (Id., ¶ 26). At this time, Plaintiff also offered Defendant the new title of Human Resources and Business Manager, which would include a dramatic increase in her job responsibilities. (Id., ¶ 27). Defendant requested for Plaintiff to propose a full compensation package for her new full-time position to Defendant to consider. (Id., ¶ 28). Plaintiff proposed the following compensation package: (1) an annual salary between $80,000.00-90,000.00; (2) a sign-on bonus (even though Plaintiff was already an employee) of $10,000.00; (3) three weeks' vacation; and (4) professional development opportunities. (Id.).

In response, Defendant countered with the following compensation package to Plaintiff for her new full-time position: (1) an annual salary of $62,500.00; (2) three weeks' vacation; and (3) professional development opportunities. (Id., ¶ 29). Plaintiff alleges that the new compensation package was still considerably less than the base salary of her white predecessors (for the part-time HR Administrator position). (Id., ¶ 30).

Plaintiff complained to Defendant (rather than negotiate with Defendant) about the salary and that it was lower than her predecessors (it is not clear what "predecessors" Plaintiff is referring to since her position was newly-created for her). (Id., ¶ 31). In response, Defendant indicated that the counteroffer was all that Defendant would offer and that Defendant would give Plaintiff a "glowing letter of recommendation" if Plaintiff wanted to work elsewhere. (Id., ¶ 32). Instead of negotiating with Defendant regarding her new compensation package, Plaintiff accepted Defendant's counter-proposal. (Id., ¶ 31).

On July 1, 2016, Plaintiff began receiving her pay increase. (Id., ¶ 33). On September 1, 2016, Plaintiff was officially converted to the full-time Human Resources and Business Manager position. (Id., ¶ 34). On January 6, 2017, Plaintiff complained again to Defendant about a pay disparity to no avail. (Id., ¶ 38).

On June 12, 2017, Plaintiff filed her charge with the EEOC/IDHR, complaining that:

> I was hired by the Respondent on or about January 25, 2016. My current position is HR Manager. I have been paid less than my non-Black predecessors despite having the same title and performing the same duties. I have complained to no avail.

(the "Charge")(Id., ¶ 13, Ex. 1).

Plaintiff is still employed by Defendant, and she has received salary increases in 2017 and 2019 (after she filed the Charge). (Id., ¶ 36).

**ARGUMENT**

In evaluating a 12(b)(6) motion to dismiss, a court is only obligated to accept all of plaintiff's well-pled allegations as true and draw all reasonable inferences in plaintiff's favor. *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). The court however "need not strain to find inferences favorable to the plaintiffs which are not apparent on the face of the complaint." *ABN AMRO, Inc. v. Capital Int'l*, 595 F. Supp. 2d 805, 831 (N.D. Ill. 2008). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice as legal conclusions must be supported by factual allegations. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). To avoid dismissal a complaint must contain enough facts to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In the instant matter, Plaintiff fails to state plausible claims against Defendant.

### I.     Plaintiff Fails to State a Claim for Breach of Contract

Plaintiff's breach of contract claim deserves short shrift from the court because it fails for several reasons as a matter of law. It is well established that an employee does not have a cognizable claim against their employer alleging a breach of the company's non-discrimination policy. *See, e.g., Gray v. Arrow Electronics, Inc.*, Case No. 16-cv-09719, 2019 WL 1399945, at *8 (N.D. Ill. Mar. 28, 2019).

A non-discrimination policy does not create a contract term between an employer and its employee; rather, such a policy "merely restates a pre-existing legal duty, unsupported by any additional consideration." *Id.*; *Thomas v. Maryville Academy*, 375 F. Supp. 2d 687, 689-90 (N.D. Ill. 2005)(holding that claim against employer failed because the employer's sexual harassment policy did not go beyond the legally-required duties of the employer); *Mehringer v.*

*Village of Bloomingdale*, Case No. 00-cv-7095, 2001 WL 1105065, at *5 (N.D. Ill. Sept. 19, 2001)(holding that claim against an employer failed because the employer's sexual harassment policy did not create a tangible, enforceable property right); *see Harris v. Adler School of Professional Psychology*, 309 Ill. App. 3d 856, 861, 723 N.E.2d 717, 721-22 (1st Dist. 1999)(holding that a non-discrimination policy does not create an enforceable contractual term); *Svigos v. Petry Television, Inc.* Case No. 95-cv-5899, 1996 WL 388416, at *4 (N.D. Ill. July 9, 1996).

In any event, even if an employment contract contains an explicitly and potentially binding term regarding non-discrimination, any such claim for violating the policy would be preempted by the IHRA. *Khan v. Bd. of Ed,* Case No. 17-cv-9300, 2018 WL 6192191, at *4 (N.D. Ill. Nov. 28, 2018). A breach of contract claim is preempted by the IHRA because the employer "promised merely to uphold the laws against discrimination," and as a result the alleged breach of that duty is "inextricably linked to the alleged civil rights violation." *Id.*

Here, Plaintiff alleges that Defendant's non-discrimination policy on its website created an enforceable employment contract term. Plaintiff's claim fails for several reasons. First, Plaintiff conspicuously fails to plead that the policy was one of the terms of her alleged at-will employment agreement at the time of contracting or supported by any consideration (Plaintiff merely references the policy as it appears on Defendant's website). As a result, Plaintiff fails to plead that the non-discrimination policy was an enforceable contractual term.

Second, the policy merely restates Defendant's existing legal obligation regarding EEO and Title VII and, as a result, does not create an independent contractual term. Finally, even if the policy did create a binding term, any claim alleging that Defendant violated the term would be preempted by the IHRA.

For the foregoing reasons, Plaintiff's breach of contract claim fails as a matter of law and must be dismissed pursuant to Rule 12(b)(6).

## II. Plaintiff Fails to State a Claim Against Defendant for Violating the ACA

Plaintiff seeks to subject Defendant "to fines and penalties as a result of its intentional violations of IRS provisions" relating to the ACA. (Compl., ¶ 66). Plaintiff is apparently attempting to assert some sort of whistleblower claim against Defendant for not paying fines and penalties that should have been assessed against Defendant under the employer mandate provisions of the ACA. Section 1558 of the ACA amended the Fair labor Standards Act (FLSA) to include protection to employee whistleblowers where the purported whistleblower believes that they have been discriminated against based on their complaints regarding their employer's alleged failures to follow the ACA. 29 U.S.C. § 218c(a). An employee who believes that they have been discriminated against because of their protected whistleblower activity must file a complaint with the Secretary of Labor within 180 days after the violation occurs. 29 U.S.C. § 218c(b); 15 U.S.C. § 2087 (b)(1). Here, Plaintiff alleges that Defendant violated the ACA from February 2016 until September 2016 and that Defendant should be fined by the IRS for the alleged violations. (Compl., ¶ 64). Consequently, any whistleblower complaint alleging a violation of the ACA had to be made to the Department of Labor within 180 days of September 2016 (by March 9, 2017). This is an administrative hurdle that Plaintiff has not even attempted to clear. As a result, the court should dismiss Plaintiff's ACA claim.

## III. Plaintiff Fails to State a Claim for Pay Discrimination Related to her Hiring

Plaintiff's purported pay discrimination Title VII/IHRA/injunctive relief claims are premised on two discrete sets of allegations that: (1) Plaintiff was hired as a part-time HR Administrator at $25/hour and her immediate predecessors (Caucasian and bi-racial) were hired

6

for $33 and $36/hour respectively for the part-time HR Administrator position (the "Hiring Claim"); and (2) Defendant failed to increase Plaintiff's pay commensurate with her promotion to a new position of Human Resources and Business Manager (the "Promotion Claim"). While the Promotion Claim will surely be resolved on summary judgment in favor of Defendant, it is also clear that the Hiring Claim is time-barred and must be dismissed straightaway pursuant to Rule 12(b)(6).

    A.    **Plaintiff's Hiring Claim is Time-Barred**

In a pay discrimination case, the statute of limitations for filing an EEOC charge based on pay discrimination resets with each paycheck affected by the discriminatory decision. *See, e.g., Groesch v. City of Springfield*, 635 F.3d 1020, 1024 (7th Cir. 2011). A charge must be filed within 300 days of the discriminatory act or else the claim is time-barred. *Id.*; *Stepney v. Naperville Sch. Dist.*, 392 F. 3d 236, 239 (7th Cir. 2004).

Here, Plaintiff pleads that she was paid her Hiring Claim rate of $25/hour from January 26, 2016 until July 1, 2016. As a result, to be timely, any charge based on Plaintiff's Hiring Claim rate of pay was due on or before April 27, 2017. On June 12, 2017, Plaintiff filed her Charge with the EEOC, well beyond the 300-day window to contest her claims based on her Hiring Claim rate of $25/hour.

Plaintiff's pay discrimination claim based on the Hiring Claim rate of pay was untimely and must be dismissed.

    WHEREFORE, Defendant Music Institute of Chicago respectfully requests that this Honorable Court dismiss Plaintiff Arlene A. Jackson's complaint and any other such further relief as this Honorable Court deems just and appropriate.

Respectfully Submitted,

MUSIC INSTITUTE OF CHICAGO,

January 28, 2020        /s/ Chris S. Wunder
Chris S. Wunder (cwunder@kpglaw.com)
Eric D. Kaplan (ekaplan@kpglaw.com)
KAPLAN PAPADAKIS & GOURNIS, P.C.
180 N. LaSalle Street
Suite 2108
Chicago, Illinois 60601
Phone: (312) 726-0531
Fax:    (312) 726-4928

## **CERTIFICATE OF SERVICE**

The undersigned, one of the attorneys for Defendant, hereby certifies that he served the foregoing pleading on all counsel of record by causing a true copy thereof to be transmitted by email through the CM/ECF Filing System for delivery on or before 5:00 p.m. on January 28, 2020.

Respectfully Submitted,

 /s/ Chris S. Wunder
Chris S. Wunder (cwunder@kpglaw.com)
Eric D. Kaplan (ekaplan@kpglaw.com)
KAPLAN PAPADAKIS & GOURNIS, P.C.
180 N. LaSalle Street
Suite 2108
Chicago, Illinois 60601
Phone: (312) 726-0531
Fax:    (312) 726-4928